IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEVERICK SCOTT**                                                                                              **PLAINTIFF**
**ADC #131042**

v.                                    Case No. 4:23-CV-00051-LPR

**ARKANSAS DIVISION OF**
**CORRECTION, Varner Supermax,**
**Brickeys and Tucker Max Units, et al.**                                                       **DEFENDANTS**

# ORDER

The Court withdraws the reference.

On January 20, 2023, Plaintiff Deverick Scott, an inmate in the Tucker Maximum Security Unit of the Arkansas Division of Correction, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] He has now filed a Motion for Leave to Proceed *In Forma Pauperis* and Motion for Temporary Restraining Order and Preliminary Injunction.[2]

Prior to filing this lawsuit, Plaintiff had at least three cases dismissed for failing to state a claim upon which relief may be granted.[3] Based on Plaintiff's status as a "three-striker," he may not proceed *in forma pauperis* unless he can establish that, at the time he filed his Complaint, he was in imminent danger of serious physical injury.[4] In order to invoke this exception, Plaintiff must make "specific fact allegations of ongoing serious physical injury, or of a pattern of

---

[1] Compl. (Doc. 1).

[2] Mot. for Leave to Proceed *In Forma Pauperis* (Doc. 3); Mot. for Temporary Restraining Order and Preliminary Injunction (Doc. 4).

[3] *Scott v. Payne*, No. 4:20-CV-315-SWW, Order (Doc. 10) (E.D. Ark. May 14, 2020); *Scott v. Gibson*, No. 5:18-CV-150-JM, Order (Doc. 25) (E.D. Ark. Sept. 25, 2018), *aff'd*, 774 F. App'x 346 (8th Cir. 2019); *Scott v. Hobbs*, No. 2:12-CV-245-SWW, Order (Doc. 30) (E.D. Ark. April 17, 2013), *summarily aff'd*, No. 13-2077 (8th Cir. June 21, 2013).

[4] 28 U.S.C. § 1915(g); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred" (citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998))).

misconduct evidencing the likelihood of imminent serious physical injury."[5]

In his Complaint, Plaintiff acknowledges he is a three-striker but asserts that he is in imminent danger because he has not been allowed "yard call" for four months.[6] He alleges that an APN ordered him to "exercise during yard call for his chronic back, spine, and leg pains."[7] He also believes he has a vitamin deficiency because of the lack of sunlight.[8] These allegations fall short of showing Plaintiff is in imminent danger of serious physical injury.

Accordingly, Plaintiff's Complaint will be dismissed without prejudice. If Plaintiff wishes to pursue this case, he may do so by filing a motion to reopen, accompanied by the $402 filing and administrative fee, within thirty days of this Order.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is DENIED.[9]

2. Plaintiff's Complaint is DISMISSED without prejudice.

3. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED as moot.[10]

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from the Order and Judgment dismissing this action would not be taken in good faith.

IT IS SO ORDERED this 11th day of May 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] *Martin*, 319 F.3d at 1050.

[6] Compl. (Doc. 1) at 6.

[7] *Id.* at 2.

[8] *Id.* at 6.

[9] Doc. 3.

[10] Doc. 4.